FILED
2018 May-14  AM 09:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RAYMOND KENT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. _____** |
| ) | **JURY TRIAL REQUESTED** |
| **CITY OF BIRMINGHAM,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

---

**COMPLAINT**

---

## I.  INTRODUCTION

1.     This is an action for legal and equitable relief to redress unlawful discrimination on the basis of stereotypes associated with race and national origin against the Plaintiff, Raymond Kent (hereinafter "Plaintiff"), a current employee of the City of Birmingham.  This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e and 42 U.S.C.

§ 1981, as amended. Plaintiff requests a trial by jury of all triable issues.

## II.    JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3. Venue is proper in this Court.

## III.    PARTIES

4. Plaintiff Raymond Kent ("Plaintiff") is a Caucasian, male citizen of the United States and of the State of Alabama. He is a resident of this Judicial District and Division.

5. Defendant City of Birmingham ("Defendant" or City") is a local agency of the State of Alabama. At all times relevant hereto the Defendant has engaged in business in Birmingham, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

## IV.    ADMINISTRATIVE PROCEDURES

6.  Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the City of Birmingham.

7.  This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

8.  Plaintiff timely filed his Charge of Discrimination (420-2017-02672) (*Exhibit A*) against Defendant with the Equal Employment Opportunity Commission on August 7, 2017 and filed a second Charge of Discrimination (420-2018-00602) (*Exhibit B)* on November 28, 2017, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

9.  On February 8, 2018, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charges. Plaintiff received said Notice on February 11, 2018.  (Exhibits C).

10.  Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

11.  All administrative prerequisites for filing suit have been satisfied, and Plaintiff entitled to bring this action.

3

## V.    STATEMENT OF FACTS

12. Plaintiff, Raymond Kent, is a Caucasian male.

13. Plaintiff has been discriminated against because of his race.

14. Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

15. In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

16. Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

17. Cooper continues to verbally abuse and harass Plaintiff.

18. Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

19.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new "Supervisor" Mr. Emantic Bradford ("Bradford") the first day of assignment.  Bradford, who introduced himself to Plaintiff as supervisor, as it was later discovered, was not Plaintiff's supervisor and had no authority over Plaintiff.

20.    On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

4

21.     Bradford, failed to investigate incident, failed to discipline co-worker, and disciplined Plaintiff for the incident.

22.     Plaintiff reported working in a hostile work environment directly to City Hall Human Resource department but was never transferred to another department nor were the incidents investigated.

23.     On or about February 13, 2017, Bradford accused Plaintiff of tampering with a fuse box to harass and intimidate Plaintiff.  Plaintiff did not have anything to do with said fuse box.

24.     On or about March 30, 2017, Plaintiff was accused of work place errors and violating company policy for a broken light bulb and gates being left open that were not reported from the previous shift.

25.     Bradford, forewent progressive discipline with the Plaintiff and held a determination hearing for said incident.  Bradford had no authority to convene a determination hearing.

26.     Plaintiff presented video evidence showing no fault for the broken light bulb and gates being left open, however Bradford gave Plaintiff a three (3) day suspension for failure to perform duty.  Bradford had no authority to suspend Plaintiff.

27.     The aforementioned discipline was rescinded due to the fact it was determined the Plaintiff's supervisor, Bradford, was a cook and had no authority to discipline.

28.     On or about June 11, 2017, a fellow co-worker, Cooper intentionally struck

Plaintiff with a City vehicle.

29.    Plaintiff reported said incident to Bradford but the incident was never investigated nor was the co-worker disciplined.

30.    On or about July 15, 2017, Cooper assaulted Plaintiff in front of Bradford and a co-worker.  Bradford did not investigate or discipline Cooper.

31.    Management issued a memorandum ordering personnel to lock gates if you leave the property.  City police on patrol found the grounds unsecure.  The Plaintiff received a determination hearing and was given a ten (10) day unpaid suspension due to failing to notify Bradford.

32.    On or about July 21, 2017, Plaintiff was suspended for six (6) days for feeding stray cats and failing to "make sure the grounds and equipment were secure".

33.    Plaintiff conducted a reasonable and prudent patrol of the grounds and therefore Plaintiff could not have been responsible for these violations because a reasonable and prudent patrol of the grounds would not have uncovered the violations of which Plaintiff was accused.

34.    Cooper hit Plaintiff with the City vehicle as Plaintiff was crossing the parking lot.

35.    Plaintiff immediately notified Bradford.

36.    Bradford failed to investigate or notify anyone else about the incident.

37.    Plaintiff filed a police report with the City of Birmingham Police Department.

6

38.    Plaintiff tried to obtain a warrant for Cooper, however due to lack of witnesses and cameras Plaintiff was unable to do so.

39.    Moode was notified and forwarded all paperwork, but no discipline was handed down.

40.    Plaintiff was subjected to fellow co-workers filling up facility toilets with fecal matter and urine and leaving them for Plaintiff to clean up. Plaintiff reported such conduct to Bradford and management.  Management nor Bradford investigated or disciplined anyone.   Bradford used Plaintiff's pictures used to report said incidents to embarrass and humiliate Plaintiff in front of co-workers by calling Plaintiff a "nasty fucker" for not flushing the toilet.

41.     Plaintiff returned from his off days and was given a determination hearing by Moode for failing to notify Bradford about a nail in the inside wall of the City vehicle.

42.    Plaintiff received days off for said incident despite not being the one who drives said vehicle.

43.    Plaintiff was subjected to humiliation, embarrassment and a hostile work environment during a mandatory security staff meeting.  Each security officer was asked to sign off stating each been notified of the rules.  All signatures were accepted by Bradford except for Plaintiff.  Bradford threw the sheet back at Plaintiff four (4) times demanded that he sign his name "as he normally would" even though Plaintiff

was signing how all Plaintiff's legal documents are signed.

44.     Plaintiff reported said incident to management, Plaintiff was told to "go to City Hall" to report.

45.     Bradford and a fellow co-worker have used such intimidation tactics against the Plaintiff as one parking directly in front of Plaintiff's vehicle while another parked directly behind Plaintiff's vehicle so that Plaintiff is boxed in and unable to leave until one vehicle moves.

46.     On or about August 24, 2017 the City issued a memorandum stating Bradford would no longer be receiving security reports.  Plaintiff noted and has photos that after said memorandum Bradford had current security reports produced by the Plaintiff on his desk and bulletin board.

47.     Bradford contacted Plaintiff's wife via social media.  Bradford was warned by City's human resources department to stop.  Bradford did not stop and lied under oath when questioned about said incident and shown proof thereof.

48.     Plaintiff has continually been harassed, embarrassed, humiliated and called insulting names on a daily basis such as white devil, cracker, wonderbread, mayo, fucking thief, Adolf Hitler and Casper.

49.     Plaintiff has made numerous complaints to the City's human resource department, Jennifer Samuelson ("Samuelson").

50.     Samuelson stated that the information was too outdated to investigate.

51.    Plaintiff informed Samuelson that supervisor Steve Moode ("Moode") had been informed of each and every incident as it occurred.

52.    Moode had not been reporting to Samuelson as required by policy.

53.    The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

54.    The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

55.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## VI.    STATEMENT OF PLAINTIFF'S CLAIMS
## COUNT ONE
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE DISCRIMINATION AGAINST DEFENDANT
## 42 U.S.C. § 1981 RACE DISCRIMINATION CLAIMS

56.    Plaintiff, Raymond Kent, is a Caucasian male.

57.    Plaintiff has been discriminated against because of his race.

58.    Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

59.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

60.    Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

61.    Cooper continues to verbally abuse and harass Plaintiff.

62.    Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

63.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new "Supervisor" Mr. Emantic Bradford ("Bradford") the first day of assignment.  Bradford, who introduced himself to Plaintiff as supervisor, as it was later discovered, was not Plaintiff's supervisor and had no authority over Plaintiff.

64.    On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

65.    Bradford, failed to investigate incident, failed to discipline co-worker, and disciplined Plaintiff for the incident.

66.    Plaintiff reported working in a hostile work environment directly to City Hall Human Resource department but was never transferred to another department nor were the incidents investigated.

67.    On or about February 13, 2017, Bradford accused Plaintiff of tampering with a fuse box to harass and intimidate Plaintiff.  Plaintiff did not have anything to do with said fuse box.

68.    On or about March 30, 2017, Plaintiff was accused of work place errors and violating company policy for a broken light bulb and gates being left open that were not reported from the previous shift.

69.    Bradford, forewent progressive discipline with the Plaintiff and held a determination hearing for said incident.  Bradford had no authority to convene a determination hearing.

70.    Plaintiff presented video evidence showing no fault for the broken light bulb and gates being left open, however Bradford gave Plaintiff a three (3) day suspension for failure to perform duty.  Bradford had no authority to suspend Plaintiff.

71.    The aforementioned discipline was rescinded due to the fact it was determined the Plaintiff's supervisor, Bradford, was a cook and had no authority to discipline.

72.    On or about June 11, 2017, a fellow co-worker, Cooper intentionally struck Plaintiff with a City vehicle.

73.    Plaintiff reported said incident to Bradford but the incident was never investigated nor was the co-worker disciplined.

74.    On or about July 15, 2017, Cooper assaulted Plaintiff in front of Bradford and a co-worker.  Bradford did not investigate or discipline Cooper.

75.     Management issued a memorandum ordering personnel to lock gates if you leave the property.  City police on patrol found the grounds unsecure.  The Plaintiff received a determination hearing and was given a ten (10) day unpaid suspension due to failing to notify Bradford.

76.     On or about July 21, 2017, Plaintiff was suspended for six (6) days for feeding stray cats and failing to "make sure the grounds and equipment were secure".

77.     Plaintiff conducted a reasonable and prudent patrol of the grounds and therefore Plaintiff could not have been responsible for these violations because a reasonable and prudent patrol of the grounds would not have uncovered the violations of which Plaintiff was accused.

78.     Cooper hit Plaintiff with the City vehicle as Plaintiff was crossing the parking lot.

79.     Plaintiff immediately notified Bradford.

80.     Bradford failed to investigate or notify anyone else about the incident.

81.     Plaintiff filed a police report with the City of Birmingham Police Department.

82.     Plaintiff tried to obtain a warrant for Cooper, however due to lack of witnesses and cameras Plaintiff was unable to do so.

83.     Moode was notified and forwarded all paperwork, but no discipline was handed down.

84.    Plaintiff was subjected to fellow co-workers filling up facility toilets with fecal matter and urine and leaving them for Plaintiff to clean up. Plaintiff reported such conduct to Bradford and management.  Management nor Bradford investigated or disciplined anyone.  Bradford used Plaintiff's pictures used to report said incidents to embarrass and humiliate Plaintiff in front of co-workers by calling Plaintiff a "nasty fucker" for not flushing the toilet.

85.     Plaintiff returned from his off days and was given a determination hearing by Moode for failing to notify Bradford about a nail in the inside wall of the City vehicle.

86.    Plaintiff received days off for said incident despite not being the one who drives said vehicle.

87.    Plaintiff was subjected to humiliation, embarrassment and a hostile work environment during a mandatory security staff meeting.  Each security officer was asked to sign off stating each been notified of the rules.  All signatures were accepted by Bradford except for Plaintiff.  Bradford threw the sheet back at Plaintiff four (4) times demanded that he sign his name "as he normally would" even though Plaintiff was signing how all Plaintiff's legal documents are signed.

88.    Plaintiff reported said incident to management, Plaintiff was told to "go to City Hall" to report.

89.    Bradford and a fellow co-worker have used such intimidation tactics against the Plaintiff as one parking directly in front of Plaintiff's vehicle while another parked

directly behind Plaintiff's vehicle so that Plaintiff is boxed in and unable to leave until one vehicle moves.

90.    On or about August 24, 2017 the City issued a memorandum stating Bradford would no longer be receiving security reports.  Plaintiff noted and has photos that after said memorandum Bradford had current security reports produced by the Plaintiff on his desk and bulletin board.

91.    Bradford contacted Plaintiff's wife via social media.  Bradford was warned by City's human resources department to stop.  Bradford did not stop and lied under oath when questioned about said incident and shown proof thereof.

92.    Plaintiff has continually been harassed, embarrassed, humiliated and called insulting names on a daily basis such as white devil, cracker, wonderbread, mayo, fucking thief, Adolf Hitler and Casper.

93.    Plaintiff has made numerous complaints to the City's human resource department, Jennifer Samuelson ("Samuelson").

94.    Samuelson stated that the information was too outdated to investigate.

95.    Plaintiff informed Samuelson that supervisor Steve Moode ("Moode") had been informed of each and every incident as it occurred.

96.    Moode had not been reporting to Samuelson as required by policy.

97.    The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination

hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

98.    The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

99.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

100.   The Plaintiff has been discriminated against because of his race.

101.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

102.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

103.   Specifically, Plaintiff claims he was discriminated against because of his race.

104.   Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

105.    Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

106.    Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

107.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

108.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

109.    Defendant's illegal discriminatory and adverse actions injured Plaintiff.

110.    Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

111.    Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

112.    Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

113.    Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

114.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

115.   Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

116.   The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

117.   Defendant's race discrimination has caused the Plaintiff to suffer damages.

118.   As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

119.   WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness,

oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT TWO
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT
## TITLE VII 42 U.S.C.2000E CLAIMS

120.    Plaintiff, Raymond Kent, is a Caucasian male.

121.    Plaintiff has been discriminated against because of his race.

122.    Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

123.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

124.    Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

125.    Cooper continues to verbally abuse and harass Plaintiff.

126.    Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

127.   On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

128.   On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

129.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

130.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

131.   On or about February 13, 2017, Bradford accused Plaintiff of tampering with a fuse box just to harass and intimidate Plaintiff.  Plaintiff did not have anything to do with said fuse box.

132.   The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

133.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

134.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

135.   The Plaintiff has been discriminated against because of his race.

136.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

137.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

138.   Specifically, Plaintiff claims he was discriminated against because of his race.

139.   Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

140.   Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

141.   Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

142. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

143. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

144. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

145. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

146. Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

147. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

148. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

149. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

150. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in

knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

151.   The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

152.   Defendant's race discrimination has caused the Plaintiff to suffer damages.

153.   As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

154.   WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT THREE
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

155.    Plaintiff, Raymond Kent, is a Caucasian male.

156.    Plaintiff has been discriminated against because of his race.

157.    Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

158.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

159.    Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

160.    Cooper continues to verbally abuse and harass Plaintiff.

161.    Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

162.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

163.    On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

164.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

165.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

166.   On or about March 30, 2017, Plaintiff was accused of work place errors and violating company policy for a broken light bulb and gates being left open that were not reported from the previous shift.

167.   Bradford, forewent progressive discipline with the Plaintiff and held a determination hearing for said incident.  Bradford had no authority to convene a determination hearing.

168.   Plaintiff presented video evidence showing no fault for the broken light bulb and gates being left open, however Bradford gave Plaintiff a three (3) day suspension for failure to perform duty.  Bradford had no authority to suspend Plaintiff.

169.   The aforementioned discipline was rescinded due to the fact it was determined the Plaintiff's supervisor, Bradford, was a cook and had no authority to discipline.

170.   The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

171.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

172.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

173.   The Plaintiff has been discriminated against because of his race.

174.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

175.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

176.   Specifically, Plaintiff claims he was discriminated against because of his race.

177.   Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

178.   Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

179.   Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

180.   Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

181.   Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

182.   Defendant's illegal discriminatory and adverse actions injured Plaintiff.

183.   Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

184.   Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

185.   Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

186.   Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

187.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

188.    Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

189.    The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

190.    Defendant's race discrimination has caused the Plaintiff to suffer damages.

191.    As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

192.    WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages',

27

plus attorney's fees, and court costs.  Plaintiff also demands such other and different

relief the Court deems proper.

## COUNT FOUR
### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

193.    Plaintiff, Raymond Kent, is a Caucasian male.

194.    Plaintiff has been discriminated against because of his race.

195.    Plaintiff began employment with the City in or around 2009 as a security guard

for the Arlington House Museum in the City of Birmingham.

196.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper

("Cooper") who tried to choke Plaintiff.

197.    Plaintiff reported incident to supervisor Moode who only advised each to stay

away from the other one. No disciplinary action was taken against Cooper.

198.    Cooper continues to verbally abuse and harass Plaintiff.

199.    Cooper humiliates and embarrasses Plaintiff in front of other employees and

visitors by verbally abusing and demeaning Plaintiff.

200.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats

of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day

of assignment.

201.  On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

202.  Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

203.  Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

204.  On or about June 11, 2017, a fellow co-worker, Cooper intentionally struck Plaintiff with a City vehicle.

205.  Plaintiff reported said incident to Bradford but the incident was never investigated nor was the co-worker disciplined.

206.  The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

207.  The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

208.  Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

209.    The Plaintiff has been discriminated against because of his race.

210.    Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

211.    Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

212.    Specifically, Plaintiff claims he was discriminated against because of his race.

213.    Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

214.    Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

215.    Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

216.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

217.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

218.    Defendant's illegal discriminatory and adverse actions injured Plaintiff.

219.    Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

220.    Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

221.    Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

222.    Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

223.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

224.    Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

225.    The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to

protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

226.   Defendant's race discrimination has caused the Plaintiff to suffer damages.

227.   As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

228.   WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT FIVE
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT
## TITLE VII 42 U.S.C.2000E CLAIMS

229.   Plaintiff, Raymond Kent, is a Caucasian male.

230.   Plaintiff has been discriminated against because of his race.

32

231.    Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

232.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

233.    Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

234.    Cooper continues to verbally abuse and harass Plaintiff.

235.    Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

236.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

237.    On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

238.    Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

239.    Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

240.    On or about July 15, 2017, Cooper assaulted Plaintiff in front of Bradford and

33

a co-worker.  Bradford did not investigate or discipline Cooper.

241.    Management issued a memorandum ordering personnel to lock gates if you leave the property.  City police on patrol found the grounds unsecure.  The Plaintiff received a determination hearing and was given a ten (10) day unpaid suspension due to failing to notify Bradford.

242.    The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

243.    The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

244.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

245.    The Plaintiff has been discriminated against because of his race.

246.    Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

247.    Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

248.    Specifically, Plaintiff claims he was discriminated against because of his race.

249.    Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

250.    Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

251.    Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

252.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

253.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

254.    Defendant's illegal discriminatory and adverse actions injured Plaintiff.

255.    Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

256.    Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

257.   Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

258.   Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

259.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

260.   Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

261.   The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

262.   Defendant's race discrimination has caused the Plaintiff to suffer damages.

263.   As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

264.   WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT SIX
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT
## TITLE VII 42 U.S.C.2000E CLAIMS

265.   Plaintiff, Raymond Kent, is a Caucasian male.

266.   Plaintiff has been discriminated against because of his race.

267.   Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

268.   In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

269.   Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

270.    Cooper continues to verbally abuse and harass Plaintiff.

271.    Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

272.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

273.    On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

274.    Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

275.    Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

276.    On or about July 21, 2017, Plaintiff was suspended for six (6) days for feeding stray cats and failing to "make sure the grounds and equipment were secure".

277.    Plaintiff conducted a reasonable and prudent patrol of the grounds and therefore Plaintiff could not have been responsible for these violations because a reasonable and prudent patrol of the grounds would not have uncovered the violations of which Plaintiff was accused.

278.   The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

279.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

280.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

281.   The Plaintiff has been discriminated against because of his race.

282.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

283.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

284.   Specifically, Plaintiff claims he was discriminated against because of his race.

285.   Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

286.    Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

287.    Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

288.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

289.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

290.    Defendant's illegal discriminatory and adverse actions injured Plaintiff.

291.    Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

292.    Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

293.    Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

294.    Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

295. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

296. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

297. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

298. Defendant's race discrimination has caused the Plaintiff to suffer damages.

299. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

300. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness,

oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT SEVEN
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

301. Plaintiff, Raymond Kent, is a Caucasian male.

302. Plaintiff has been discriminated against because of his race.

303. Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

304. In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

305. Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

306. Cooper continues to verbally abuse and harass Plaintiff.

307. Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

308.   On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

309.   On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

310.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

311.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

312.   Cooper hit Plaintiff with the City vehicle as Plaintiff was crossing the parking lot.

313.   Plaintiff immediately notified Bradford.

314.   Bradford failed to investigate or notify anyone else about the incident.

315.   Plaintiff filed a police report with the City of Birmingham Police Department.

316.   Plaintiff tried to obtain a warrant for Cooper, however due to lack of witnesses and cameras Plaintiff was unable to do so.

317.   Moode was notified and forwarded all paperwork, but no discipline was handed down.

318. The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

319. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

320. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

321. The Plaintiff has been discriminated against because of his race.

322. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

323. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

324. Specifically, Plaintiff claims he was discriminated against because of his race.

325. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

326. Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

327. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

328. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

329. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

330. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

331. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

332. Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

333. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

334. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

335. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

336. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

337. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

338. Defendant's race discrimination has caused the Plaintiff to suffer damages.

339. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

340. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult,

rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT EIGHT
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

341.   Plaintiff, Raymond Kent, is a Caucasian male.

342.   Plaintiff has been discriminated against because of his race.

343.   Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

344.   In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

345.   Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

346.   Cooper continues to verbally abuse and harass Plaintiff.

347.   Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

348.   On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

349.   On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

350.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

351.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

352.   Plaintiff was subjected to fellow co-workers filling up facility toilets with fecal matter and urine and leaving them for Plaintiff to clean up. Plaintiff reported such conduct to Bradford and management.  Management nor Bradford investigated or disciplined anyone.  Bradford used Plaintiff's pictures used to report said incidents to embarrass and humiliate Plaintiff in front of co-workers by calling Plaintiff a "nasty fucker" for not flushing the toilet.

353.   The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

354. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

355. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

356. The Plaintiff has been discriminated against because of his race.

357. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

358. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

359. Specifically, Plaintiff claims he was discriminated against because of his race.

360. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

361. Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

362. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

363. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

364. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

365. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

366. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

367. Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

368. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

369. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

370. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

371. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

372. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

373. Defendant's race discrimination has caused the Plaintiff to suffer damages.

374. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

375. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for

punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands

such other and different relief the Court deems proper.

## COUNT NINE
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

376.    Plaintiff, Raymond Kent, is a Caucasian male.

377.    Plaintiff has been discriminated against because of his race.

378.    Plaintiff began employment with the City in or around 2009 as a security guard

for the Arlington House Museum in the City of Birmingham.

379.    In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper

("Cooper") who tried to choke Plaintiff.

380.    Plaintiff reported incident to supervisor Moode who only advised each to stay

away from the other one. No disciplinary action was taken against Cooper.

381.    Cooper continues to verbally abuse and harass Plaintiff.

382.    Cooper humiliates and embarrasses Plaintiff in front of other employees and

visitors by verbally abusing and demeaning Plaintiff.

383.    On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats

of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day

of assignment.

384.   On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

385.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

386.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

387. Plaintiff received days off for said incident despite not being the one who drives said vehicle.

388.   Plaintiff was subjected to humiliation, embarrassment and a hostile work environment during a mandatory security staff meeting.  Each security officer was asked to sign off stating each been notified of the rules.  All signatures were accepted by Bradford except for Plaintiff.  Bradford threw the sheet back at Plaintiff four (4) times demanded that he sign his name "as he normally would" even though Plaintiff was signing how all Plaintiff's legal documents are signed.

389.   Plaintiff reported said incident to management, Plaintiff was told to "go to City Hall" to report.

390.   Bradford and a fellow co-worker have used such intimidation tactics against the Plaintiff as one parking directly in front of Plaintiff's vehicle while another parked directly behind Plaintiff's vehicle so that Plaintiff is boxed in and unable to

leave until one vehicle moves.

391. The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

392. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

393. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

394. The Plaintiff has been discriminated against because of his race.

395. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

396. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

397. Specifically, Plaintiff claims he was discriminated against because of his race.

398. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his

employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

399. Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

400. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

401. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

402. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

403. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

404. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

405. Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

406. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

407. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

408. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

409. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

410. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

411. Defendant's race discrimination has caused the Plaintiff to suffer damages.

412. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

413. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT TEN
## STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

414. Plaintiff, Raymond Kent, is a Caucasian male.

415. Plaintiff has been discriminated against because of his race.

416. Plaintiff began employment with the City in or around 2009 as a security guard for the Arlington House Museum in the City of Birmingham.

417. In or around September 2015 Plaintiff was attacked by co-worker, Gary Cooper ("Cooper") who tried to choke Plaintiff.

418. Plaintiff reported incident to supervisor Moode who only advised each to stay away from the other one. No disciplinary action was taken against Cooper.

419. Cooper continues to verbally abuse and harass Plaintiff.

420.   Cooper humiliates and embarrasses Plaintiff in front of other employees and visitors by verbally abusing and demeaning Plaintiff.

421.   On or about December 24, 2016, Plaintiff was subjected to verbal abuse, threats of termination by the new Supervisor Mr. Emantic Bradford ("Bradford") the first day of assignment.

422.   On or about December 26, 2016, Plaintiff was verbally assaulted and physically threatened by a fellow co-worker on the grounds crew with a pair of scissors.

423.   Plaintiff's supervisor, Bradford, failed to investigate incident, failed to discipline co-worker disciplined Plaintiff for the incident.

424.   Plaintiff reported working in a hostile work environment directly to the City Hall but was never transferred to another department nor were the incidents investigated.

425.   Plaintiff received days off for said incident despite not being the one who drives said vehicle.

426.   On or about August 24, 2017 the City issued a memorandum stating Bradford would no longer be receiving security reports.  Plaintiff noted and has photos that after said memorandum Bradford had current security reports produced by the Plaintiff on his desk and bulletin board.

427.   The actions of the Plaintiff's supervisors, namely continually subjecting the Plaintiff to a hostile work environment, continually sending Plaintiff to

determination hearings, suspending Plaintiff without pay has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

428. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

429. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

430. The Plaintiff has been discriminated against because of his race.

431. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

432. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

433. Specifically, Plaintiff claims he was discriminated against because of his race.

434. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

435. Defendant, upon information and belief, has a habit and/or practice of discriminating against Caucasian individuals and subjecting them to a difference in terms and conditions of employment.

436. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

437. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

438. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

439. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

440. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

441. Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

442. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

443. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

444. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

445. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

446. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

447. Defendant's race discrimination has caused the Plaintiff to suffer damages.

448. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

449. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult,

rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## VII.  CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.    Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B.    Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.    Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D.    Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.    Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F.      Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott Morro
Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542
morrowlawcenter@bellsouth.net

**Defendant to be served via Certified Mail**