FILED
2019 Apr-05 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND KENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:18-cv-00734-JHE |
| ) | |
| CITY OF BIRMINGHAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Raymond Kent ("Kent") brings this action against his employer, Defendant City of Birmingham ("City"), alleging unlawful employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. The City moves to dismiss Kent's Amended Complaint on the basis that it fails to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. and for lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. (Doc. 21). Kent has filed a response in which he argues he sufficiently pled cognizable claims. (Doc. 23). For the reasons stated below, the City's motion (doc. 21) is **DENIED**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

1

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Analysis

### A. Allegations Prior to February 2, 2017 and Conduct Beyond EEOC Charge's Scope

The City argues that Kent's time-barred claims and claims outside the scope of the EEOC charge should be dismissed. (Doc. 21 at 8-9).

#### 1. Timeliness

As to timeliness, § 706 of Title VII, 42 U.S.C. § 2000e–5(e)(1), provides that only those "unlawful employment practice[s]" that are complained of in a timely-filed charge of

2

discrimination to the EEOC can form the basis for Title VII liability. *See, e.g., City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 (11th Cir.2002) ("If the victim of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful."). For claims arising in so-called "non-deferral" states, such as Alabama, to be timely, the applicable charge must have been filed within 180 days "after the alleged unlawful employment practice occurred." § 2000e–5(e)(1). *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169 (11th Cir. 2005). Therefore, as a general rule, only those "practice[s]" that "occurred" within 180 days of the operative EEOC charge can form the basis for Title VII liability.

In this case, Kent filed his EEOC charge on August 7, 2017, and the City argues that any allegations that occurred before February 2, 2017 – 180 days before – should not be considered. (Doc. 21 at 8-9). Kent points to *National Railroad Passenger Corp. v. Morgan*, in which the Supreme Court considered whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside the 180-day filing period. 536 U.S. 101, 105 (2002). The *Morgan* Court reached two answers: one for disparate treatment and retaliation claims challenging "discrete discriminatory or retaliatory acts" and another for claims alleging a hostile work environment. *Id.* Thus, while the timely-filing requirement erects an "absolute bar" on recovery for "discrete discriminatory or retaliatory acts," when there is an alleged hostile work environment "consideration of the entire scope of [the] claim, including behavior alleged outside the statutory time period, it is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Id.* at 113-14. Because Kent alleges he was subject to a hostile work environment, (*see* doc. 20 at ¶¶ 18, 30, 35, 37, 41, 50, 62, 67, 69, 72, 82, 94, 99, 101, 104), any alleged discriminatory acts that occurred prior to

3

February 2, 2017, may be considered as part of his hostile work environment claim.

   2. **Scope**

The City is correct that a Title VII plaintiff's judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow of the EEOC charge. (Doc. 21 at 9); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir.2000). However, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460-61 (5th Cir. 1970). As such, the scope of an EEOC charge should not be strictly interpreted.

The City fails to point to anything in Kent's complaint that it contends is outside the scope of Kent's EEOC charge. (*See* doc. 21 at 9). Instead, the City states "Plaintiff attempts to allege claims of discrimination outside the scope of the August 7, 2017 EEOC Charge of Discrimination," and then provides a one-sentence summary of the general rule with a case citation, and finally concludes "[t]herefore, any allegations of discrimination not included in the August 7, 2017 charge of discrimination cannot be considered in the present matter." (*Id.*). Because the court must evaluate whether the material alleged to be "outside the scope" of the EEOC charge is "like or related to, or grew out of, the allegations contained in [the] EEOC Charge," *Gregory v. Ga. Dept. of Human. Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004), the lack of any substance to the City's argument prevents such evaluation.

The City's motion to dismiss based on Kent's claims being time-barred and/or outside the scope allegations is denied.

 **B. Discrimination Claim(s)**

Kent, a white male, alleges he was discriminated against because of his race while he was employed with the City as a security guard for the Arlington House Museum. (Doc. 20 at ¶¶ 12-

14). Among other things, Kent alleges his supervisor, a black male, subjected him to verbal abuse, intimidation, and threats of termination. (*Id.* at ¶ 16). Kent specifies several incidents that he reported to his supervisor or to Human Resources that were not remedied or otherwise addressed. (*Id.* at ¶¶ 17-43).

Title VII prohibits an employer from discriminating against an employee because of the employee's race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e–2(a). "Disparate treatment" is prohibited. An employer engages in disparate treatment when it treats an employee less favorably "with respect to h[er] compensation, terms, conditions, or privileges of employment" because of the employee's membership in a protected category. *Id.* A disparate treatment claim can be based on a tangible employment action, such as being fired or demoted, or being subjected to a "hostile work environment," even though the employee was not discharged, demoted, or reassigned. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir.2010) (citing *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1245 (11th Cir.2004)).

To establish a hostile work environment claim, a plaintiff must show his "workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir.2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367 (1993)). To do so, a plaintiff must present evidence: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive work environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *Id.* At this point in the litigation, the plaintiff must allege

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

The City argues Kent fails to identify a similarly situated comparator outside of his protected class and that he "fails to attribute anyone as possessing any racial bias against [him] for being a white male." (Doc. 21 at 5). The City also contends that the fact that Kent attributes egregious workplace conduct to a white co-worker shows the amended complaint is due to be dismissed. (*Id.* at 6). None of the City's arguments doom Plaintiff's discrimination claim at this stage of the litigation. Kent's amended complaint is sufficient to state a claim for discriminatory hostile work environment.

The amended complaint includes allegations Kent belongs to a protected class (doc. 20 at ¶ 44); and that he was subjected to unwelcomed harassment, that may have been severe or pervasive (*id.* at ¶¶ 49, 51-53, 58). Although the City contends Kent "fails to attribute anyone as possessing any racial bias against [him] for being a white male" (doc. 21 at 5), there are sufficient allegations in the complaint to infer that Kent is alleging his supervisor, a black man, contributed to and allowed him to be subjected to a hostile work environment because Kent is white. There are also allegations that black employees were treated differently than Kent. (*See id.* at ¶ 55). Furthermore, there are allegations such that the City could be held liable for such conduct, including Kent's reports to his supervisor and to Human Resources.

The City's argument that Kent must name a similarly-situated comparator outside his protected class does not doom his claim because (1) Kent is asserting a hostile work environment claim, and (2) in some circumstances, a plaintiff can establish a *prima facie* Title VII case for disparate treatment without showing the existence of a comparator. *Hand v. Univ. of Ala. Bd. of Trustees*, 304 F. Supp. 3d 1173, 1179 (N.D. Ala. 2018) (citing *Walker v. Love's Travel Ctr.*, 2017

WL 4931693, at *2 (S.D. Ala. Oct. 31, 2017) (explaining that allegations about a comparator are unnecessary at the motion to dismiss stage because a plaintiff can establish a prima facie Title VII claim at the summary judgment stage without reference to a comparator)). Furthermore, the argument that the presence of allegations about a white co-worker demonstrating egregious workplace conduct somehow nullifies the remaining allegations is without merit. These allegations may end up not supporting Kent's claims, but that does not mean that their presence in the amended complaint necessarily undermines the other allegations. The cases the City cites to prove otherwise are not persuasive. In *Davis v. Auburn Bank*, the Eleventh Circuit found allegations so vague and conclusory that it was unclear what type of §1981 claim the plaintiff was making. 704 F. App'x 837, 842 (11th Cir. 2017). In *Shanks v. Potter*, the Eleventh Circuit upheld the dismissal of an FMLA plaintiff's claims when he failed to allege he was eligible for FMLA. 451 F. App'x 815, 817-18 (11th Cir 2011). Neither of these cases shed much, if any, light on the status of the allegations in the present complaint and certainly do not support the City's assertion that the allegations regarding Kent's white co-worker's egregious conduct alone necessitate dismissal.

Kent has provided sufficient allegations to state a claim for a discriminatory hostile work environment. To the extent Kent asserts any claims based on discrete actions, the City has not specifically shown how the alleged adverse actions fail to state a claim. For these reasons, the motion to dismiss Kent's discrimination claim(s) is denied.

**C. Retaliation Claim(s)**

The City contends that Kent has filed to state a claim for retaliation because he has not alleged participation in any protected activity to trigger Title VII's protections. (Doc. 21 at 8). Specifically, the City states Kent "neglects to specify the manner in which he complained, which

events he reported or include any dates in which these events were reported." (*Id.*). Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing [thereunder]." 42 U.S.C. 2000e-3(a). Therefore, a complaint must include an allegation that the plaintiff engaged in protected conduct. This includes allegations that he opposed an unlawful employment practice *or* allegations that he participated in protected conduct such as making a charge, testifying, participated in an investigation, etc.

Despite the City's insistence otherwise, Kent alleges he complained to his supervisor and Human Resources about the alleged discrimination. (Doc. 20 at ¶¶ 82). Although Kent does not include a specific date in this allegation, he alleges it occurred between a December 26, 2016 allegation and a January 7, 2017 allegation (*id*, at ¶¶ 81-83), leading to the inference that it occurred somewhere between that time frame. Kent also alleges he reported other incidents around July 2017 to "Bradford and management." (*id.* at 92-94). And, referring to the allegations that occurred in 2017, Kent alleges he made numerous complaints about Bradford and other's behavior to the City's Human Resources department. (*Id.* at ¶ 99). These allegations are sufficient to allow Kent to proceed to discovery. The City's motion to dismiss Kent's retaliation claim is denied.

### III. Conclusion

For the reasons stated above, the City's motion to dismiss (doc. 21) is **DENIED**. The City is **ORDERED** to answer the complaint by **April 19, 2019**.

DONE this 5th day of April, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE